# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:10CR00039 |
| v. ) | **OPINION AND ORDER** |
| ) | |
| FRANCIS DAVIS SHERMAN, ) | By: James P. Jones |
| ) | United States District Judge |
| Defendant. ) | |

*Zackary T. Lee, Assistant United States Attorney, Abingdon, Virginia, for United States; Nancy C. Dickenson, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

The defendant is charged by Superceding Indictment with traveling in interstate and foreign commerce and failing to register and update his sex offender registration, in violation of the Sex Offender Registration and Notification Act ("SORNA"), 18 U.S.C.A. § 2250 (West Supp. 2010) (Count One), transporting in interstate commerce a motor vehicle, knowing the same to have been stolen, in violation of 18 U.S.C.A. § 2312 (West Supp. 2010) (Count Two), and credit card fraud, in violation of 18 U.S.C.A. § 1029(a)(2) (West 2000). He has objected to the joinder of Count One with Counts Two and Three as a violation of Federal Rule of Criminal Procedure 8(a). In the alternative, he requests a severance of Count One under Rule 14.

The government objects to any severance and in turn has filed a Motion to

Continue Trial, based upon the unavailability of necessary witnesses for the scheduled trial date.

The motions have been heard and are ripe for determination.

The government represents that its evidence will show that the defendant stole a credit card from his girlfriend's mother on March 8, 2009, in Bristol, Virginia, and after using it there, stole a vehicle and drove to Wyoming. He later traveled to Canada and remained there until September 10, 2010, when he gave false information to Canadian law enforcement officers and was apprehended. The government contends that the defendant failed to advise Virginia authorities that he had left the state, in violation of SORNA.

As a basis for its Motion to Continue Trial, the government asserts that the law enforcement officers who will testify as to the defendant's presence in Canada and who will also testify as to his false statements made as to his identity, are unable to travel to the United States until after the current scheduled trial date. One of the witnesses has another international travel obligation on that date and the other two officers must complete necessary paperwork and obtain official approval, which approval is likely to take at least 30 days, beyond the current trial date.

Rule 8 provides that two or more offenses may be charged in the same indictment only if they "are of the same or similar character, or are based on the same

act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). The government represents that its evidence will raise a fair inference that the defendant stole the vehicle and left Virginia not only to escape prosecution for his credit card fraud, but also because he wished to remove himself from the restrictions imposed by his Virginia sex offender registration. The government advises that it will seek to introduce the Canadian officers' testimony concerning the defendant's false information as to his identity as to all counts, on the ground that it showed a consciousness of guilt. *See United States v. Vogt*, 910 F.2d 1184, 1192 (4th Cir. 1990) (holding that evidence of defendant's use of false identification and aliases was admissible to show consciousness of guilt). The government concedes that evidence of the defendant's sex offender status would not be admissible in a separate trial of Counts Two and Three.

Under Rule 14, "[i]f the joinder of offenses . . . appears to prejudice a defendant . . . the court may order separate trials of counts." Fed. R. Crim. P. 14(a). The defendant urges that the inclusion of the sex offender count in one trial "will surely prejudice him on the counts of stealing a car and credit card fraud." (Def.'s Mot. 2.)

As to the claimed misjoinder, the Fourth Circuit interprets the third prong of Rule 8(a) — connected with or constituting part of a common scheme or plan —

flexibly, requiring only a "logical relationship" between the joined offenses. *United States v. Cardwell*, 433 F.3d 378, 385 (4th Cir. 2005). "[T]he fact that one illegal activity provides the impetus for the other illegal activity is sufficient to constitute a common scheme for joinder purposes." *United States v. Dominguez*, 226 F.3d 1235, 1239 (11th Cir. 2000). Moreover, "joinder is the rule rather than the exception." *United States v. Hawkins*, 589 F.3d 694, 700 (4th Cir. 2009) (internal quotation marks and citation omitted).

Based upon the government's proffer of evidence, I find that the counts are not misjoined. However, I do find that severance is appropriate under Rule 14. In determining whether severance is appropriate, the court must weigh prejudice to the defendant against the interests of judicial efficiency. *United States v. Shelburne*, No. 2:06CR00023, 2008 WL 474094, at *4 (W.D. Va. Feb. 21, 2008). While it is correct that the mere possibility of prejudice is insufficient, and the risk must be "compelling" or "substantial," 1A Charles Alan Wright and Andrew D. Leipold, *Federal Practice and Procedure Criminal* § 222 (4th ed. 2008), I find that the likely spillover effect of the sex offender evidence upon the jury would meet that test and outweighs the other interests.

Accordingly, I will sever Count One from Counts Two and Three for trial.

I will also grant the government's Motion to Continue Trial. Based on the

government's representations, which are not disputed by the defendant, it appears that the presence of essential witnesses for the government cannot be obtained for the current trial date by due diligence. Accordingly, I find that the ends of justice served by the granting of such continuance outweigh the best interest of the public and the defendant in a speedy trial.

For these reasons, it is **ORDERED** as follows:

1. Defendant's Motion for Severance of Counts (ECF No. 26) and the government's Motion to Continue Trial (ECF No. 35) are GRANTED;

2. The current trial date is cancelled;

3. The clerk shall set Count One for jury trial at a date not less than 30 days from this date, with a trial before a different jury on Counts Two and Three to immediately follow the trial on Count One; and

4. The Speedy Trial Act time shall be extended to include the dates set for the separate trials.

ENTER: January 4, 2011

/s/ JAMES P. JONES
United States District Judge