# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| | Case No. 1:10CR00039 |
| v. | **OPINION AND ORDER** |
| FRANCIS DAVID SHERMAN, | By: James P. Jones |
| | United States District Judge |
| Defendant. | |

*Zachary T. Lee, Assistant United States Attorney, Abingdon, Virginia, for United States; Nancy Dickenson, Assistant Federal Public Defender, and Christine Madeline Lee, Research and Writing Attorney, Office of the Public Defender, Abingdon, Virginia, for Defendant.*

The defendant, charged with failing to register and update his registration as required by the Sex Offender Registration and Notification Act, has moved to dismiss on constitutional and procedural grounds. For the following reasons, the motion will be denied.

I

The defendant, Francis David Sherman, is charged with traveling in interstate and foreign commerce and failing to register and update his sex offender registration as required by the federal Sex Offender Registration and Notification

Act ("SORNA"), in violation of 18 U.S.C.A. § 2250 (West Supp. 2010).[1] In his Motion to Dismiss, the defendant asserts multiple challenges to this charge, arguing that the indictment fails to state a criminal offense; that he was not obligated under SORNA to notify Virginia authorities of his intention to relocate to Canada; and that SORNA is unconstitutional.

The facts, as disclosed by the government in discovery, and as relied upon by the defendant solely for the purposes of the present motion, are as follows.

In 1981 and 1998 the defendant was convicted in Illinois and Missouri, respectively, of rape and deviant sexual assault. These offenses qualified the defendant as a sex offender obligated to comply with sex offender registry requirements by both Virginia and federal law.

On October 10, 2008, Sherman initially registered with the Virginia State Police as a sex offender. Virginia authorities notified Sherman of his obligation under the Virginia Code to update his registration every 90 days. In February 2009, Sherman complied with this obligation, updating his information and providing the same address as his initial registration. His next reporting date under Virginia's registration requirements was to be April 8, 2009.

---

[1] The defendant is also charged with credit card fraud and transporting a stolen motor vehicle in interstate commerce. These counts have been severed for trial from the SORNA count. *United States v. Sherman*, No. 1:10CR00039, 2011 WL 11186 (W.D. Va. Jan. 4, 2011).

The government alleges that in early March of 2009, the defendant and his girlfriend stole a credit card and an automobile belonging to the girlfriend's mother. The defendant and his girlfriend then allegedly left Virginia, first reappearing in Casper, Wyoming, where the girlfriend called her mother after the stolen car broke down. After some time in Wyoming, the pair hitchhiked into Canada, remaining there until the defendant's arrest in Carberry, Manitoba, in September of 2010.

In his Motion to Dismiss, the defendant argues that the Superseding Indictment does not allege a criminal offense, because it omits an essential element that the violation be committed "knowingly." Since the filing of the current Motion to Dismiss, the grand jury has returned a Second Superseding Indictment that rectifies this deficiency. This issue is accordingly moot and will not be discussed further.

The defendant also contends that he was not in violation of SORNA as a matter of law because he was not required by federal law to register his relocation to Canada. Finally, he argues that SORNA is unconstitutional. I address each argument in turn.

II

Congress enacted SORNA as part of the Adam Walsh Child Protection and Safety Act, Pub. L. No. 109-248, 120 Stat. 587, 590-611 (2006) (codified at 42 U.S.C.A. § 16901, *et seq*., and 18 U.S.C.A. § 2250 (West 2006 & Supp. 2010)). SORNA created a federal criminal offense for the failure to register as a sex offender, punishable by up to ten years imprisonment. 18 U.S.C.A. § 2250. SORNA obligates a person convicted of a sex offense to register, and to keep the registration current, in each jurisdiction where the offender resides, is an employee, and is a student. 42 U.S.C.A. § 16913(a), (c). SORNA further directs that in order to keep such registration current, the offender must, upon a change to certain information, appear in person in at least one of the above jurisdictions and inform the authorities. *Id.*

In his motion, the defendant argues that SORNA imposes an obligation on the offender to update his registration only in his *new* jurisdiction of residence, employment, or study. He contends that because SORNA does not assert extra-territorial jurisdiction over United States citizens in foreign countries, he was under no federal obligation to inform Virginia of his relocation to Canada. *See* 42 U.S.C.A. § 16911(10) (defining the term "jurisdiction" as the 50 states, the District of Columbia, the five principal United States territories, and certain Indian tribes).

Based on the government's representations at oral argument, I must deny the defendant's argument as premature. The government has indicated its intent to present evidence that the defendant remained in Wyoming for an extended period of time, as well as evidence of work activities performed by him in Wyoming. This demonstrates that, regardless of the foreign jurisdiction argument, triable issues of material fact may exist as to the defendant's activities in Wyoming.[2] Thus, I find that dismissal of this count is inappropriate at this time, although I reserve decision on the legal implications of the defendant's Canadian travel.

III

Finally, the defendant challenges the constitutionality of SORNA on three grounds: (1) that Congress' delegation to the Attorney General to determine SORNA's retroactive applicability violated the non-delegation doctrine; (2) that the retroactive application of SORNA violates the Constitution's Ex Post Facto Clause by creating new penalties not known or contemplated at the time the sex offender committed his offense; and (3) that the Attorney General lacked sufficient

---

[2] At oral argument, defense counsel argued that the dates cited in the Superseding Indictment -- dates that roughly encompass the defendant's departure from Virginia through his arrest in Canada -- charged a violation of SORNA for leaving Virginia and moving to Canada, rather than a violation of leaving Virginia and moving to Wyoming. However, the Superseding Indictment provides the defendant with adequate notice of the SORNA charge, even though different travel may be involved. *See United States v. Pietrantonio*, No. 08-170 (MJD/RLE), 2008 WL 4205546, at *3 (D. Minn. Sept. 9, 2008), *rev'd on other grounds,* No. 09-3068, 2011 WL 869477 (8th Cir. Mar. 15, 2011).

justification to bypass the Administrative Procedure Act's notice and comment requirements in promulgating the rules related to SORNA's retroactive application. For the following reasons, all three of these arguments fail.

First, the defendant argues that Congress's delegation to the Attorney General to determine SORNA's retroactive application was an impermissible delegation of exclusively legislative authority. Under current non-delegation doctrine, the court must first "asses[s] whether a statute delegates legislative power" to determine what authority the statute confers. *Whitman v. Am. Trucking Ass'ns, Inc.,* 531 U.S. 457, 465 (2001). In SORNA's case, Congress defined the elements of the offense and gave the Attorney General the authority to "issue guidelines and regulations to interpret and implement" SORNA and to "specify the applicability" of SORNA's registration requirements "to sex offenders convicted before" SORNA's enactment date. 42 U.S.C.A. §§ 16912(b), 16913(d). On February 28, 2007, the Attorney General exercised this authority and applied SORNA to all sex offenders regardless of when they were convicted. 28 C.F.R. § 72 (2007); *United States v. Hatcher*, 560 F.3d 222, 227 (4th Cir. 2008).

In enacting SORNA, Congress acted in its legislative capacity to strengthen the national sex offender registry and criminalize non-compliance by enumerating the elements of a statutory offense. The aspect left to the Attorney General was the characteristically executive responsibility of determining to whom that offense

should apply.  Such delegation is permissible so long as Congress lays down an "intelligible principle to which the person or body authorized . . . is directed to conform." *Mistretta v. United States*, 488 U.S. 361, 372 (1989) (quoting J.*W. Hampton, Jr. & Co. v. United States*, 276 U.S. 394, 409 (1928)).  Here, Congress clearly delineated the public safety and efficiency arguments underlying SORNA's enactment, and as every court to consider this argument has found, that guidance meets the intelligible principle test.  *See United States v. Burns*, No. 09-4909, 2011 WL 970644, at *2 (4th Cir. Mar. 21, 2011) (unpublished); *United States v. Guzman*, 591 F.3d 83, 93 (2d Cir. 2010); *United States v. Whaley*, 577 F.3d 254, 264 (5th Cir. 2009); *United States v. Ambert*, 561 F.3d 1202, 1213 (11th Cir. 2009); *United States v. Dixon*, 551 F.3d 578, 584 (7th Cir. 2008).

The defendant urges that the Attorney General was given no guidance from Congress regarding under what circumstances and to which sex offenders SORNA should apply.  However, such detailed guidance is unnecessary under our non-delegation doctrine.  This argument amounts to the defendant's preference for a more narrow exercise of the Attorney General's discretion, an argument that does not constitute a successful non-delegation claim.

The defendant additionally challenges SORNA on ex post facto grounds.  The Ex Post Facto Clause of the Constitution prohibits retroactively aggravating the punishment of an offense after the time it was committed.  U.S. Const. art. I, §

10, cl. 1. The defendant's argument is unavailing, both as to SORNA's registration requirements and as to its criminal penalties. First, the Fourth Circuit has twice rejected ex post facto challenges to SORNA's criminal penalties, finding that a SORNA conviction stems from the post-enactment conduct of failing to register a relocation, rather that the pre-enactment underlying sexual offense. *See United States v. Gould*, 568 F.3d 459, 466 (4th Cir. 2009); *Burns*, 2011 WL 970644, at *3.

Secondly, I reject the component of defendant's ex post facto argument that challenges SORNA's registration requirements. The defendant argues that, putting aside the criminalization of failing to register, SORNA's registration requirements are in themselves so onerous as to be punitive in their effect. The Supreme Court has previously upheld a substantially similar Alaska state sex offender registry scheme against such an ex post facto argument. *See Smith v. Doe*, 538 U.S. 84, 105-06 (2003). The Court held that the state registry at issue in *Smith* was intended as a nonpunitive civil regulatory scheme and that its application did not exceed that intent, despite the facts that the registry imposed significant ongoing obligations on the sex offender and that a violation of those obligations subjected the individual to criminal penalties. *Id.* at 96. An examination of SORNA's legislative purpose, as well as a comparison of SORNA's requirements with those of the regulatory scheme upheld in *Smith*, leads me to conclude that SORNA's registration requirements are similarly nonpunitive both in intent and in effect. *See*

*United States v. Hinen*, 487 F. Supp. 2d 747, 755-757 (W.D. Va. 2007). To hold otherwise would require distinguishing this case from persuasive Supreme Court precedent, which I cannot do. Accordingly, I find that SORNA's registration requirements, as well as the criminal penalties associated with failing to comply with those requirements, do not violate the Ex Post Facto Clause.

Finally, the defendant argues that the Attorney General violated the Administrative Procedure Act ("APA") in issuing regulations regarding SORNA's retroactivity. SORNA's retroactive applicability requiring all persons convicted of sex offenses, even convictions predating the statute's enactment, came into effect when the Attorney General included such sex offenders through the issuance of the interim regulation found at 28 C.F.R. § 72.3 (2007). *Hatcher*, 560 F.3d at 226. In issuing § 72.3, the Attorney General bypassed the APA's notice and comment requirement, invoking the APA's § 553(b) good cause exception. The Attorney General relied on the necessity of preventing future sex crimes and on minimizing the confusion caused by delaying a determination on SORNA's retroactive applicability.

Whether § 72.3 was properly promulgated is a question that has divided the circuits. *Compare United States v. Dean*, 604 F.3d 1275 (11th Cir. 2010) (upholding the regulations) *with United States v. Cain*, 583 F.3d 408 (6th Cir. 2009) and *United States v. Valverde*, 628 F.3d 1159 (9th Cir. 2010) (finding that

the Attorney General lacked good cause for issuing the regulations without adhering to notice-and-comment procedures). However, the Fourth Circuit has specifically upheld the regulation against this challenge, *Gould*, 568 F.3d at 546 (finding no APA violation), and thus this argument is foreclosed by circuit precedent.

IV

For the foregoing reasons, it is **ORDERED** that the defendant's Motion to Dismiss (ECF No. 48) is DENIED.

ENTER: April 11, 2011

/s/ James P. Jones
United States District Judge