# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | Case No. 1:10CR00039 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **FRANCIS DAVIS SHERMAN**, | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Zachary T. Lee, Assistant United States Attorney, Abingdon, Virginia, for United States; Christine Madeleine Lee, Research and Writing Attorney, Office of the Federal Public Defender, Abingdon, Virginia, for Defendant.*

The defendant, Francis Davis Sherman, is charged by Superseding Indictment with one count of failing to register and update his registration as a sex offender under the criminal provision of the Sex Offender Registration and Notification Act ("SORNA"), 18 U.S.C.A. § 2250 (West Supp. 2010). He moves to dismiss on the basis that applying SORNA to the facts of his case would "violate his constitutionally-guaranteed right to free interstate migration." (Def.'s Mot. 1.) Alternatively, he moves for a change of venue to the United States District Court for the District of Wyoming.

The motion has been briefed and is ripe for determination. I will dispense with oral argument because the issues are adequately presented in the materials

before the court and oral argument would not significantly aid the decisional process.

I

The government represents that it will show at trial that the defendant, a person required to comply with sex offender registration requirements under Virginia and federal law, stole a credit card and automobile in Virginia which he then used to travel to Wyoming. After living and working in Wyoming "for a period of time [lasting] from a few days to potentially a week," the defendant allegedly traveled to Canada, where he was apprehended by Canadian law enforcement officials.[1] (Gov't's Resp. 1.)

I previously denied the defendant's first motion to dismiss, which challenged the SORNA count on multiple constitutional and procedural grounds.[2] The

---

[1] By prior order, I severed the SORNA count from the counts related to the automobile and credit card theft, pursuant to Rule 14 of the Federal Rules of Criminal Procedure. *United States v. Sherman*, No. 1:10CR00039, 2011 WL 11186, at *2 (W.D. Va. Jan. 4, 2011).

[2] The defendant alleged that the original Indictment failed to state a criminal offense; that he was not obligated under SORNA to notify Virginia authorities of his intent to relocate; and that SORNA's retroactive application was unconstitutional because it violated the non-delegation doctrine, the Constitution's Ex Post Facto Clause, and the Administrative Procedure Act's notice and comment requirements. The deficiency in the Indictment was cured by the Superseding Indictment. I denied the constitutional arguments as without merit and denied the defendant's remaining argument as premature.

defendant has now filed a second motion to dismiss, arguing that the application of SORNA to the facts of this case violates his constitutional right to travel.

A facial challenge asserts that a statute is unconstitutional in all situations, whereas an as-applied challenge attacks the statute's application only as to the party before the court. *Giarratano v. Johnson*, 456 F. Supp. 2d 747, 750 (W.D. Va. 2006). The Fourth Circuit has previously upheld SORNA against a facial right to travel challenge. *See United States v. Wyatt*, No. 10-4412, 2011 WL 826257, at *1 (4th Cir. Mar. 10, 2011) (unpublished); *United States v. Gould*, 568 F.3d 459, 470-71 (4th Cir. 2009). Despite these decisions, the defendant argues that SORNA is unconstitutional as applied to the particular circumstances of his case.

The defendant argues that the government's case against him rests on his de minimus, temporary presence in Wyoming. He contends that he undertook no bona fide employment or residence in the few days he remained in Wyoming, and he argues that applying SORNA's registration requirements to such minimal conduct would unconstitutionally burden his right to travel. In response, the government claims that it can prove that Sherman was living and working in Wyoming such that he was required to register there.

---

*See United States v. Sherman*, No. 1:10CR00039, 2011 WL 1356772, at *2-4 (W.D. Va. Apr. 11, 2011).

As this dispute makes clear, the facts of defendant's case are as yet undeveloped. In order to assess an as-applied challenge, the court must have "substantial record evidence" with which to evaluate the claim. *H.B. Rowe Co., v. Tippett*, 615 F.3d 233, 243 (4th Cir. 2010). Without the benefit of the evidence to be presented at trial, the defendant's attempts to distinguish *Wyatt* and *Gould* are similarly unpersuasive. Thus, because the Fourth Circuit has upheld SORNA against a similar facial challenge and the facts of this case are still emergent, I will deny the defendant's second motion to dismiss.

II

The defendant alternatively argues that a change of venue to the District of Wyoming is appropriate.

A defendant must be tried for a federal criminal offense in the district where the offense was committed. U.S. Const. Art. III, § 2, cl. 3; Fed. R. Crim. P. 18. Congress often provides direction regarding where an offense is considered to have been committed by way of inserting a venue provision into the substantive statute. *See United States v. Wilson*, 262 F.3d 305, 320 (4th Cir. 2001).

SORNA contains no such venue provision. *See* 18 U.S.C.A. § 2250. The general venue statute provides that "any offense against the United States begun in

one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed." 18 U.S.C.A. § 3237(a) (West 2000). Because Sherman's offense began when he moved from Virginia, thereafter failing to register in Wyoming, the SORNA count is appropriately considered to be a continuing violation, with venue proper in this district. *See United States v. Burns*, No. 09-4909, 2011 WL 970644, at *3 (4th Cir. Mar. 21, 2011) (unpublished); *see also United States v. Hinen*, 487 F. Supp. 2d 747, 758-59 (W.D. Va. 2007), *rev'd on other grounds sub nom. United States v. Hatcher*, 560 F.3d 222 (4th Cir. 2009).

Nevertheless, even if venue is proper here, I must also consider the convenience of the defendant and the witnesses, and the prompt administration of justice. *See* Fed. R. Crim. P. 18, 21. The defendant argues that these considerations favor transfer because the relevant events took place in Wyoming and because all of the alleged employers are also located there. He additionally argues that this case will require coordination with the state agency responsible for sex offender registration in Wyoming, which is "unknown to counsel" and would be "prohibitively difficult to interview in preparation for trial." (Def.'s Mot. 11.)

Taking these arguments under consideration, I find that a change of venue is not indicated on the present record. On March 16, 2011, I continued this case

specifically to allow defense counsel the opportunity to further investigate the Wyoming allegations. The defendant has not provided any specifics to show that necessary witnesses would be unavailable if the case remained in this district. Without more, conclusory allegations of inconvenience do not outweigh the substantial considerations of delay and cost that would result from changing venue at this late stage. Accordingly, I will refuse the defendant's request.

III

For these reasons, it is **ORDERED** that Defendant's Second Motion to Dismiss Count One or, in the Alternative, for Change of Venue (ECF No. 69) is DENIED.

    ENTER: July 15, 2011

    /s/ JAMES P. JONES
    United States District Judge