# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | )<br>)<br>) Case No. 1:10CR00039<br>) |
| v. | ) **OPINION AND ORDER**<br>) |
| FRANCIS DAVID SHERMAN, | ) By: James P. Jones<br>) United States District Judge |
| Defendant. | ) |

*Zachary T. Lee, Assistant United States Attorney, Abingdon, Virginia, for United States; Christine Madeline Lee, Office of the Federal Public Defender, Abingdon, Virginia, for Defendant.*

In this Opinion, I resolve objections by the defendant to his Presentence Investigation Report ("PSR") and set forth the reasons for his sentence.

I

The defendant, Francis David Sherman, was charged with traveling in interstate and foreign commerce and failing to register and update his sex offender registration (Count One), 18 U.S.C.A. § 2250 (West Supp. 2011), as well as transporting a stolen motor vehicle in interstate commerce (Count Two), 18 U.S.C.A. § 2312 (West Supp. 2011), and credit card fraud (Count Three), 18 U.S.C.A. § 1029(a)(2) (West 2000). Pursuant to a written Plea Agreement, he pleaded guilty to Counts Two and Three, the credit card and transportation

offenses; in return, the government agreed to dismiss the sex offender crime, Count One.

The basic facts of the offenses of conviction are that in early March of 2009, the defendant stole a credit card and an automobile belonging to his girlfriend's mother. The defendant and his girlfriend then left Virginia, first reappearing in Casper, Wyoming, where the girlfriend called her mother after the stolen car broke down. After a short time in Wyoming, the pair hitchhiked into Canada, remaining there until the defendant's arrest in Manitoba in September of 2010.

The Plea Agreement contained the following statement by the defendant:

> I understand the United States retains its right to seek a sentence outside of the applicable guideline range. I understand and acknowledge that the United States intends at sentencing to ask the court for an Upward Variance, and an Upward Departure based upon: 1) my under-represented criminal history and the inadequacy of my criminal history (U.S.S.G. §4A1.3); 2) conduct underlying Count 1, which was dismissed as part of my plea agreement (U.S.S.G. §2K2.21). I waive further notice of the government's intention to seek an Upward Variance and/or Upward Departure.

(Plea Agreement ¶ B.2.)

The parties agree that the defendant's sentencing range under the advisory Sentencing Guidelines is six to twelve months, based on his Total Offense Level of 4 and Criminal History Category of VI. Nevertheless, as forecast in the Plea Agreement, the government seeks a sentence above the guideline range, either as a

-2-

departure authorized by the guidelines or as a variance.[1] It seeks a sentence of 20 years, the maximum permissible by statute. The defendant requests a sentence within the guideline range or, at most, a sentence of 18 months.

After consideration of the evidence and of the arguments made by the parties, I find that a sentence substantially above the advisory guideline range in this case is appropriate as a variance.[2]

II

While there is no objection to the calculation of the advisory guideline range, there are objections by the defendant to the recitation in the PSR of certain prior convictions and unprosecuted criminal conduct. The defendant objects to the introduction of any evidence by the government as to any alleged criminal conduct unrelated to the offenses to which he has pleaded guilty in this case. It is argued

---

[1] While "[t]he Guidelines provide a framework or starting point . . . for the judge's exercise of discretion" in sentencing, *Freeman v. United States*, 131 S. Ct. 2685, 2692 (2011), I may reject a sentence within that range as a variance "because a sentence within the Guidelines fails to reflect the other [18 U.S.C.] § 3553(a) factors or 'because the case warrants a different sentence regardless.'" *United States v. Evans*, 526 F.3d 155, 161 (4th Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 351 (2007)). It is not necessary for the court to consider a guidelines-authorized departure before imposing a sentence outside of the guideline system as a variance, because "the practical effects of applying either a departure or a variance are the same." *United States v. Diosdado-Star*, 630 F.3d 359, 365 (4th Cir.), *cert. denied*, 131 S. Ct. 2946 (2011).

[2] The court must "state in open court" its reasons for the sentence, 18 U.S.C.A. § 3553(c) (West Supp. 2011), and I recited the reasons orally at the defendant's sentencing.

that such evidence is irrelevant to sentencing and, at least with respect to conduct of which the defendant has not been convicted, denies him the right to a jury trial. According to the defendant, if he has been convicted of the crime, no further evidence aside from the fact of conviction is proper; if he has not been convicted of the conduct, evidence about it is likewise impermissible. Unless the proffered evidence is relevant to the offenses of conviction, the court simply should not entertain it.

A related evidentiary objection is also made to the introduction of any hearsay testimony by the government concerning the defendant's involvement in prior criminal conduct.

Finally, the defendant takes the position that based on his objection to certain facts set forth in the PSR, the government has the burden of proving those facts, even though they do not increase, or even affect, the calculation of the advisory guideline range.

The relevant statutes are the short answer to much of the defendant's arguments. One such statute provides that

> [n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence.

18 U.S.C.A. § 3661 (West). Another requires the court in fixing a sentence to consider "the history and characteristics of the defendant." 18 U.S.C.A. §

3553(a)(1) (West 2000 & Supp. 2011). Contrary to the defense argument, "[p]ermitting sentencing courts to consider the widest possible breadth of information about a defendant 'ensures that the punishment will suit not merely the offense but the individual defendant.'" *Pepper v. United States*, 131 S. Ct. 1229, 1240 (2011) (quoting *Wasman v. United States*, 468 U.S. 559, 564 (1984)). In other words, it is incorrect, as argued on behalf of the defendant, that the punishment here must only fit the crime, and not the defendant.

The Sentencing Guidelines themselves echo this principle, providing that the court may consider "any information" in fixing a sentence, even evidence that is not necessary in determining the guideline range. U.S. Sentencing Guidelines Manual § 1B1.4 cmt. (2011). Moreover, it is settled that this duty to take into account wide-ranging information about the defendant permits the court to consider evidence that is not constrained by the normal rules applicable to criminal trials. *See United States v. Powell*, 650 F.3d 388, 391-92 (4th Cir.), *cert. denied*, 132 S. Ct. 350 (2011). Hearsay evidence, even where uncorroborated, is thus permissible, so long as it has sufficient indicia of reliability. *Id.*

Moreover, the court may consider uncharged and even acquitted conduct in determining a sentence, "as long as that conduct is proven by a preponderance of the evidence." *United States v. Grubbs*, 585 F.3d 793, 799 (4th Cir. 2009) (citing

*United States v. Watts*, 519 U.S. 148, 157 (1997), and *United States v. Jones*, 31 F.3d 1304, 1316 (4th Cir. 1994)), *cert. denied*, 130 S. Ct. 1923 (2010).

It is not correct that upon a simple objection by the defendant to a factual statement of the PSR, the government must then undertake to prove it. "'[M]ere objection to the finding in the presentence report . . . is not sufficient. The defendant has an affirmative duty to make a showing that the information in the presentence report is unreliable, and articulate the reasons why the facts contained therein are untrue or inaccurate.'" *United States v. Powell*, 650 F.3d at 394 (quoting *United States v. Terry*, 916 F.2d 157, 162 (4th Cir. 1990)).

For these reasons, the defendant's Motion to Exclude (ECF No. 117) is DENIED.

### III

As noted, the defendant has objected to certain factual recitations in the PSR, which I resolve as follows.

The defendant objects to the PSR's statement that he was convicted and sentenced to prison in 1976 in Cook County, Illinois, for aggravated battery, burglary, and "Armed Robbery/Discharge Firearm." (PSR ¶ 32.) Because of its age, this sentence was not used to calculate the defendant's Criminal History Category, but the defendant does not wish it to be otherwise considered by the

court in fixing an appropriate sentence. The probation officer who prepared the PSR testified that this information had been obtained by federal probation officers in Illinois, and that the sentence was under the name of Bill Link, one of many aliases used by the defendant. The defendant has offered no proof that the sentence is not properly attributable to him and I will overrule the objection.

The defendant also objects to the recitation in paragraph 48 of the PSR that he sexually assaulted a female relative in 1995 in Illinois. At the time, the authorities declined to prosecute him because of a lack of corroborating evidence. The victim has testified in person in the present proceedings as to the circumstances of the alleged sexual assault, and was subjected to cross-examination. The defendant has not testified about this incident, but there is evidence that in a statement to the police back in 1995 the defendant denied any sexual relations, although he admitted sleeping with the complainant after an evening of drinking together.[3]

Based upon my opportunity to judge the credibility of the witness, I find that the government has proved by a preponderance of the evidence that the defendant

---

[3] The PSR's recitation of the facts implies that the defendant refused to talk to the police, but I find that is incorrect. The defendant has introduced a copy of a police report reciting the details of his voluntary interview.

did have sexual intercourse with the victim without her consent. I have thus also considered this conduct in determining an appropriate sentence for the defendant.[4]

The defendant objects to the recitation of pending charges against him as set forth in paragraphs 49 and 50 of the PSR.[5] I find that the defendant has not presented a sufficient basis for contesting the reliability of these statements and the objections are denied.

Other objections to the PSR are denied for the reasons set forth by the probation officer in his addendum to the report.[6]

IV

As shown by the evidence, the defendant, now age 55, has a life-long history of violence and sexual deviancy, even though his present offenses involve neither.

---

[4] In another case, the defendant was convicted of forcible rape of a different female and sentenced to ten years imprisonment.

[5] The defendant also objected to paragraph 51, relating to certain pending traffic charges against him in Canada, but counsel later conceded that these charges, including driving while impaired, have now resulted in convictions.

[6] Certain objections by the defendant are sustained. Contrary to paragraph 10, the defendant and his girlfriend left Virginia in March of 2009, and not January. While paragraph 47 correctly recites that the defendant left the scene of an automobile accident in Canada in which another motorist was killed, I accept that there is no evidence that the defendant was responsible for the accident.

He also has a history of fraud and theft, similar to the present crimes.[7] While he has served lengthy prison sentences in the past, he has not yet been deterred from criminal conduct. As shown by the testimony, his past crimes have caused significant harm to his victims. For example, I accept the testimony of one of the defendant's many victims, W.R., also a relative of the defendant, who as a young child was twice sexually assaulted by the defendant, causing W.R. prolonged anguish and difficulties.[8]

Accordingly, a close examination of the defendant's history and characteristics, as required by statute, convinces me that a sentence significantly above the advisory guideline range is appropriate. Deterrence and the protection of the public justify a lengthy prison sentence in the defendant's case. *See United States v. Rivera-Santana*, No. 10-5123, 2012 WL 310871, at *8 (4th Cir. Feb. 2, 2012) (finding 240-month sentence for illegal reentry into the United States not unreasonable even though guideline range was 51 to 71 months, based on defendant's serious past criminal history including sexual assault of a child); *see also United States v. Wilson*, No. 10-4879, 2011 WL 5252696, at *2 (4th Cir. Nov.

---

[7] The defendant's criminal history, not including conduct for which he was not prosecuted, is set forth in the Appendix to this Opinion.

[8] This incident is separate from a conviction for a sexual assault on another child, the son of a girlfriend, for which the defendant received a two-year prison sentence. (PSR ¶ 36.)

-9-

Case 1:10-cr-00039-JPJ-RSB   Document 130   Filed 02/10/12   Page 9 of 11   Pageid#: 420

4, 2011) (unpublished) (upholding 240-month sentence where guideline range was 63 to 78 months, based upon past criminal conduct); *United States v. Schmidt*, 34 F. App'x 193, 194 (4th Cir. 2011) (unpublished) (finding 420-month sentence reasonable where guideline range was 168 to 210 months, based upon prior unprosecuted and repetitive criminal conduct).

For these reasons, the defendant will be sentenced to a total term of 144 months imprisonment.

It is so **ORDERED**.

ENTER: February 10, 2012

/s/ James P. Jones
United States District Judge

Appendix

Prior Convictions of Defendant

1975  Cook County, Illinois, Aggravated Battery/Great Bodily Harm.

1976  Cook County, Illinois, Aggravated Battery, Burglary, Armed Robbery/Discharge Firearm.

1981  Peoria, Illinois, Rape

1981  Peoria, Illinois, Aggravated Battery (2 Counts)

1983  Randolph County, Illinois, Aggravated Battery, Armed Violence

1998  Wright County, Missouri, Deviant Sexual Assault

1999  Douglas County, Missouri, DUI

2000  Pekin, Illinois, Deceptive Practices

2001  Eureka, Illinois, Failure to Register as Sex Offender

2002  Pekin, Illinois, Retail Theft

2003  Portland, Oregon, Attempted Robbery, Assault

2008  Boone, North Carolina, Felony Identity Theft

2009  Bristol, Virginia, Assault and Battery